G., C. & S. F. R'y Co. v. Jerusha Donahoo et al.

(Case No. 1590.)

1. DEED BY HUSBAND CONVEYING EASEMENT ON THE WIFE'S LAND.— The case of T. & P. R'y Co. v. Durrett et al., 57 Tex., 48, which holds that the husband has no power to convey a perpetual easement on land the separate property of the wife cited and followed.

2. DAMAGES FROM OVERFLOW OF WATER.— If a railway company so constructs its road-bed and ditches as to divert surface water from its usual and ordinary course, and shall cause, by its embankments or ditches, such water to be conveyed to a particular place and thereby overflow land which, before the construction of the road-bed, did not overflow, the company will be liable to the land owner for such injury. Nor does the fact that the owner, across whose land the road-bed was constructed without her consent, while the work was progressing, failed to notify the company that she would claim damages, restrict her remedy to a recovery of the value of the land appropriated as a right of way.

3. PRACTICE.— The fact that a judgment did not afford all the relief to which a party may have been entitled will constitute no ground for reversal, where no objection, is made to the form of the judgment prior to the filing of assignments of error.

4. CONSTITUTION CONSTRUED.— A right of way cannot be obtained by a railway company across land not belonging to it, until it has been paid for, or its payment secured by a deposit of money.

5. DEDICATION — RIGHT OF WAY.— The payment of a judgment establishing a right
   of way in a railway company bars the right of the former owner of the land to
   an action based on the proper use by the company of the right of way, and oper-
   ates as a dedication of the right of way, with all its incidents, to the uses to which
   the company have applied it.

ERROR from Johnson. Tried below before the Hon. Jo. Abbott.

Suit by Jerusha Donahoo, joined by Henry Donahoo, her hus-
band, against plaintiffs in error to recover damages; first, for the
appropriation by plaintiff of the right of way for its road, about
one hundred by eighteen hundred feet of ground, over her lands,
against her consent; and second, for flooding about thirty acres
of land adjacent to its road-bed by reason of the unskilful con-
struction of its road-bed and the failure of the company to provide
sufficient drainage for conducting the surface water away. . For the
first alleged injury she claimed $500 and for the second $2,000.

General exception by plaintiff, general denial, and a special answer
setting up a deed to right of way from Henry Donahoo, husband
of Jerusha Donahoo, defendant in error, in which she did not join;
want of notice of her title to the land; that the company had ex-
pended a large sum of money in building its road upon the land,
and that defendants knew the company was on said land building
its road and assented thereto, and were thereby estopped.

There was a trial, verdict and judgment against plaintiff for $500.
Motion for new trial was made and overruled.

It was conceded by plaintiff on the trial that the land described
in defendants' petition, of which the right of way appropriated by
the company was a part, was the separate property of defendant
Jerusha Donahoo, a married woman, Henry Donahoo being her
husband; and that she refused to join him in making the deed.

The deed purporting to grant the right of way to plaintiff was
prepared for the signatures of two persons; it was presented to
Henry Donahoo for his signature by Walter Gresham, acting for
the company, and others, securing the right of way for the com-
pany, on the 16th of September, 1880; was signed by him alone
and, on the same day, filed for record in the office of the clerk of
the county court; was afterwards recorded by the clerk, and set
forth as a matter of defense in its pleadings, and introduced by the
company in evidence on the trial of the cause in the court below.

Jerusha Donahoo refused to sign the deed, and at the time it was
signed by Henry Donahoo, Mr. Walter Gresham suggested that
they go to the house and get her to sign it, when he was informed by
Henry Donahoo that she would not agree to sign it.

The witnesses who testified on behalf of defendants in error stated that the road enters the Donahoo land at its southwest corner and passes off near its northwest corner, severing from the tract about eight acres; that the topography of the ground adjoining and surrounding the right of way over the land, except towards the south and southeast, is such as to form natural water-sheds, down which the water flows till it reaches the road-bed and ditches of the company's road, by which it is diverted from its course, and thence sweeps along the line of the road for several hundred feet from the south towards the north, and for several hundred yards from the north towards the south, meeting and concentrating on the right of way on said land in such force and volume as to submerge a large area, estimated by the witnesses to be from ten to thirty acres; that this overflow is caused by the construction of plaintiff's road across the land, and that the company had not provided sufficient drainage to carry off the water.

The evidence further showed that only a portion of this water came on the Donahoo premises during rainfalls, before the road was built, when it was dispersed so uniformly as not to collect in volumes sufficient to overflow, while a large portion, which is now thrown upon the land by the road-bed, never came within its borders, but sought other natural outlets and ways of escape.

The value of the whole tract, at the time of the appropriation, was estimated by Donahoo to have been $40 per acre; with railroad on it, $25 per acre; by Watson, its market value at the time of taking was put at $35 or $40; by Young it was estimated at $40 or $50.

*De Berry & Smith*, for plaintiff in error, on estoppel, cited Williams *v.* Chandler, 25 Tex., 11; Dunham *v.* Chatham, 21 Tex., 248; Love *v.* Barber, 17 Tex., 318; Scoby *v.* Sweatt, 28 Tex., 731; Burleson *v.* Burleson, 28 Tex., 416.

On liability of the wife for fraud: Howard *v.* North, 5 Tex., 300; Cravens *v.* Booth, 8 Tex., 249.

*W. F. George* and *J. M. Hall*, for defendants in error.

STAYTON, ASSOCIATE JUSTICE.— This action was brought by Jerusha Donahoo, joined by her husband, to recover damages for injury to land, her separate property, by the construction of the defendant's railway thereon; she alleging not only the unauthorized use of her land for the railway, but also that the railway was so constructed as to cause her land to be overflowed and thereby rendered less valuable for agricultural and other purposes.

The railway claims the right to use the land, which is admitted to be the separate property of Mrs. Donahoo, under a conveyance of the right of way made by her husband alone, against her wish.

The conveyance from the husband to the railway differs in no material respect from that which was considered by this court at the last Austin term, in the case of The Texas & Pacific Railway Co. v. Mary A. Durrett et al., 57 Tex., 48.

In that case it was held that the husband had no power to convey a perpetual easement on land, the separate property of the wife, as is sought to be done in this case. The reasons for the holding are given in that case, and seeing no reason to doubt the correctness of the rule therein laid down, it is unnecessary further to consider that question.

The charge of the court in reference to the duty of a railway company so to construct its railway, over land which it has the legal right to occupy, as to prevent the overflow of contiguous lands by water which would not flow upon the land but for the leads or drains caused in the construction of the road, is as favorable as the defendant could have asked, even if it had not been a trespasser or possessor without right.

After instructing the jury that a railway company will not ordinarily be responsible for damage resulting from the flow of surface water, and that it was the duty of such company to construct all necessary culverts to permit the draining of the roadway, the court instructed the jury as follows: " But you are instructed that if, by reason of the construction of the road-bed and ditches, the surface water be diverted from its usual and ordinary course, and by means of embankments or ditches such surface water is conveyed to any particular place and thereby overflows land which, before the construction of the road, did not overflow, the company will be liable to the land owner for such an injury." This was a clear statement of the law applicable to the case.

It is claimed that the plaintiff is estopped from claiming any damage other than the value of the land embraced in the right of way claimed by the defendant, for the reason that she took no action to prevent the construction of the road, and because she did not give notice that she would claim compensation for such damage as she might suffer.

The defendant asked the court to charge the jury as follows: " The defendant in this case having entered on the land in question under a deed from Henry Donahoo, husband of plaintiff Jerusha Donahoo, and having constructed its railroad over the same without

being notified that the plaintiffs would claim damages necessarily resulting from the construction of said railroad over their land, they are now estopped from claiming any damages except for the value of the land embraced in the right of way one hundred feet wide; and you are directed to find for the plaintiffs only the value of the land embraced in said right of way at the time it was taken possession of by the defendant."

This charge the court refused, and this is assigned as error.

We are not aware of any rule of law which deprives any person of the right to recover whatever damage such person may sustain, simply because the injured person remains silent, or does not indicate to a wrong-doer, while the act from which the injury is received is being committed, that full damage will be sought for the injury resulting from the wrongful act.

It is not contended that the plaintiff did any act which misled or induced the defendant to do what it would not otherwise have done; but upon the contrary, it appears that she refused to grant the right of way.

The court in effect charged the jury that the consent given by the husband to the occupation of the land would relieve the defendant from liability for other than actual damage.

It is claimed that the court erred in permitting the husband·to testify that the wife refused to sign the deed granting the right of way. We see no error in this ruling.

The sixth, eighth and ninth assignments embrace simply the general propositions that the court erred in overruling the motion for new trial, erred in the charges given, and that the verdict of the jury is contrary to the law and the evidence. The motion for new trial embraced many grounds; the charge of the court asserted many legal propositions, and the verdict of the jury is founded upon a mass of testimony in some respects conflicting. Under such circumstances the assignments are too general, as they point to no specific error to entitle the party to a revision of the matters thus generally assigned as error.

It is claimed that the court should in its decree have vested title to the defendant in the right of way, as the plaintiff sought and recovered judgment for its value. There was no prayer for such a judgment by the defendant, nor does it appear that any objection was taken to the form of the judgment at any time prior to making of the assignments of error, and under such circumstances the judgment would not be reversed for this reason, even if the defendant had been entitled to such a judgment.

We are, however, of the opinion that the defendant was not entitled to such a judgment. The right of way had not been paid for, nor had its payment been secured by a deposit of money, without which, under the express terms of the constitution, the property of the plaintiff could not be taken for a public use. Constitution, art. I, sec. 17. A judgment vesting title in the defendant to the right of way would have been a taking of property.

The suit, however, was brought to recover the value of the right of way; the verdict under the charge of the court assesses that value, and the judgment establishes the right of plaintiff to it. A payment of the judgment will bar the right of the plaintiff to another action based upon the proper use by the defendant of the right of way, and will at least operate as a dedication of the right of way, with all its incidents, to the use to which the defendants have applied it. Soulard v. The City of St. Louis, 36 Mo., 554.

Had the defendants paid the assessed value of the right of way into court, or to the plaintiffs after the verdict, or at any time prior to the judgment, it would have been entitled to such a judgment as it insists ought to have been rendered; not having done so, and having prosecuted a writ of error to this court to avoid, if possible, the judgment rendered for the value of the right of way, it has no just cause for complaint of the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered March 16, 1883.]