Opinion by
White, P. J.
§ 139. Bight of way for railroad; condemnation proceedings; what constitutes a taking of land; damages, and evidence of; market value. This is a proceeding instituted by the Gulf, Colorado & Santa Fe Railway Co., June 6, 1883, to condemn, for its right of way and depot purposes, certain land in the city of Houston, Harris county, Texas, known as a part of the Montain Block, and owned by appellees, John Lyons and Jacob Hornberger. The county judge, on the 6th day of June, 1883,. on appellants’ application, appointed three special commissioners to assess the damages growing out of the condemnation; and after due notice, and a hearing of the parties, the commissioners assessed the damages at $1,700, and rendered their decision accordingly, which was filed with the county judge and county clerk on the 25th of June, 1883.
Exceptions to this decision were filed by both parties in the county court of Harris county, within ten days after the decision was made, and the case was tried in the county court at the November term, 1883, and resulted in a verdict of the jury assessing the damages at $2,130, upon which judgment was rendered; and the appellants’ motion for a new trial having been overruled, the case was appealed by the Gulf, Colorado & Santa Ee Railway Co., and is now before this court on that appeal. There was no issue in the court below, except as to the value of the property sought to be condemned. Where *134 exceptions are taken to the award or judgment of commissioners assessing damages for land condemned and taken for railroad purposes, the question as to what is the proper amount of damages is one for which a trial de novo, on the appeal, is in fact had. The award of the commissioners as to the amount is not even admissible as evidence of -that fact. In proving the value of such damages on appeal, is evidence of what the land was worth since the award and up to the date of the trial admissible as to its value? This depends upon circumstances. It is provided in the seventeenth section of our Bill of Rights, art. I of the Constitution, that “No person’s property shall be taken, damaged or destroyed, for or applied to public use, without adequate compensation being made, unless by the consent of such person; and when taken, except for the use of the state, such compensation shall first be made or secured by a deposit of money,” etc. What does the word “taken,” as used in this provision, mean? It is “a term which designates a final transfer of title to property, or its permanent subjection to an easement.” [Field on Damages, p. 164.]
“ The title to land, for taking which proceedings have been commenced, vests in the company only when it has fully complied with the conditions precedent, and paid or deposited the compensation, as required by law. . . . The company acquires its title upon performing the final award or judgment; it has then a right to enter without a deed from the owner or any legal process, but such process is sometimes provided by statute.” [Field on Damages, p. 171.]
Our statute says: “In no case shall such corporation (railroad) be entitled to enter upon and take the. property condemned without first having paid whatever amount of damages and costs may have been awarded or adjudged against it.” [R. S. art. 4205; G., C. & S. F. R’y Co. v. Donahoo, 59 Tex. 128.] A “taking,” in contemplation of the constitution and law, can only be legally had or accomplished by paying the award or depositing the *135 amount of damages and costs adjudged.' Until that is done, the title and right of use of the property is exclusively in the owner. Until that is done, the land being the land of the owner, any enhancement of its value is his, and of right should belong to him, just as he would also suffer any loss from a depreciation in value since the commencement of condemnation proceedings. The condemnation proceedings amount to nothing, and cannot affect his title and right to the land until the taking is complete by payment or deposit of the damages. “The damages are assessed as of the time of the taking. In different jurisdictions the act of taking is fixed at different stages in the proceedings for condemnation.” [Field on Damages, pp. 209, 210.] Our statute fixes it, in our opinion, at the date of the payment or deposit of the money.
Had the railroad company tendered or deposited the amount of the damages fixed by 'the commissioners when their award was made, then that act would have fixed the date and status of the taking, and no evidence of enhancement in the value of the property subsequent to that date would have been admissible as evidence of value of the damages to be assessed on the appeal. Not having done this, and the property being still the property of Lyons, we are of opinion that “the value at the time of the trial of the appeal was the true measure of assessment.” [Arnold v. Con. & Cin. Bridge Co. 1 Duvall (Ky.), 372.] Had the railroad deposited the money it would have had the right to both the occupation and use of the land eo instanti; in fact, the land would virtually have been its, by-virtue of such “taking.” The market value at the time of “taking” is the measure of compensation to which the owner is entitled. And that value can and may be fixed or not as to time for assessment by the company making its deposits of the sum awarded. In the case before us the court did not err in permitting proof of the value of the property subsequent to the award of the commissioners, and before it *136 had been taken or the owner’s right or title divested by a compliance by the company with the conditions-precedent to an exercise of right on their part to interfere with his right or title in the land.
March 15, 1884.
Evidence as to what the owner paid for the property when he purchased it was wholly immaterial and irrelevant; as stated above, the market value at the time of taking is the measure of compensation.
Affirmed.