G., C. & S. F. R'y Co. v. ANN JONES ET AL.

(No. 3602.)

APPEAL from Johnson County.   Opinion by WILL-
SON, J.

TILMAN SMITH and W. B. DUNHAM, counsel for appellant.

OATES & ENGLISH, counsel for appellees.

§ **21.** *Parties; husband joined with wife as plaintiff in a suit pro forma is a real party; case stated.*  Ann Jones, a married woman, joined *pro forma*, as stated in the petition, by her husband, William Jones, instituted

this suit October 26, 1883, to recover of appellant damages to land and crops growing thereon, caused by overflow, which overflow is alleged to have been caused by insufficient culverts and drains constructed by appellant on its road-bed upon said land, and by means of embankments, etc., diverting the water from its natural channels upon said land. The land in question was the separate property of the wife and the homestead of herself and husband. A portion of the damages claimed occurred in December, 1881, and the other portion in August, 1882. Besides the damages claimed to the land and crops, another item is claimed for constructing an embankment over the land and failing to make a road crossing over the same so as to afford appellees a way from one portion of said land to another. This item is $100. The whole amount of damage claimed is $650. October 21, 1884, appellees amended their original petition by making William Jones, the husband, a real party plaintiff in the suit. Among other answers appellant pleaded the statute of limitations of two years. Verdict and judgment for plaintiffs for $406. Appellant insists that as to that portion of the damages which are community property, and for which the right of action accrued more than two years before the filing of the amended petition, the plea of the statute of limitation should have prevailed, because the husband alone was entitled to sue therefor, and he never sued until the amended petition was filed. This position is not maintainable. The husband was a necessary party plaintiff, and was in contemplation of law such party from the commencement of the suit. Describing him in the petition as a party *pro forma* did not have the effect to make him other than a real party. The law made him a real party, *ex necessitate*, and as such he was in all respects liable. Such being his *status*, the plea of the statute of limitations was properly disregarded.

§ 22. *Damage by overflow caused by railroad embankment, etc.; charge as to, held correct.* Appellant assigns

as error the following charge of the court, to wit: "You are instructed that if, by reason of the construction of the road-bed and ditches, the water be diverted from its usual and ordinary channel, and, by means of embankments or ditches, be conveyed to any particular place and caused to overflow land which did not before overflow, the company will be liable for such injury; or if, by the construction of such embankment or ditches, more land is overflowed than would have been otherwise overflowed, and damage is thereby done which would not have been done had not the road been so constructed, then the party so injured would be entitled to recover for such injuries." *Held:* This charge is a substantial extract from R. R. Co. v. Donaho, 59 Tex. 128, adopted by this court in R'y Co. v. Scott, 2 W. Con. Rep. § 140. While the rule has particular reference to the diversion of *surface* water, still we think it is substantially correct when applied to a diversion of water from its natural channel [Pierce on R'ys, p. 203], and it was not error in this case.

§ **23.** *Way over railroad track; company not bound to provide one, when.* Another paragraph of the charge complained of by appellant is as follows: "If you find that, in constructing the railroad across plaintiffs' premises, the company caused an embankment to be raised for the road-bed, and failed to provide and construct a crossing for plaintiffs, so as to enable them to cross with wagons, etc., from one part of their farm to another, then you will find for plaintiffs such damages as they have sustained by inconvenience, etc., during the time there was no crossing." This instruction was error. Appellees had granted the railroad company the right of way over the land without requiring the company to provide a crossing or way over its track. They are entitled to such crossing or way as a way of necessity, but appellant is under no obligation to provide the same. This subject is discussed, and the rules governing it announced, in R'y Co. v. Bost, 2 W. Con. Rep. p. 334.

Because of this material error in the charge, the judgment is reversed.

November 11, 1885.          Reversed and remanded.