THE CHICAGO, PEORIA AND ST. LOUIS RAILWAY COMPANY

*v.*

UEL E. NIX.

*Filed at Mt. Vernon March 31, 1891.*

| | |
|---|---|
| 137 | 141 |
| 148 | 234 |
| 137 | 141 |
| 161 | 25 |
| 137 | 141 |
| 68a | 419 |
| 137 | 141 |
| 177 | 95 |
| 137 | 141 |
| 181 | 269 |
| 137 | 141 |
| 195 | ⁵405 |
| 195 | ⁴407 |
| 137 | 141 |
| 210 | 279 |

1. EMINENT DOMAIN—*as to land not taken—elements of damage—evidence—opinions of witnesses.* Any person knowing property and its value may be examined to prove its value, though he may not be engaged in the buying and selling of that character of property, the weight to be given to his testimony being left to the jury.

2. So a witness may be allowed to give his opinion as to what injury or damage the construction and operation of a railroad over a tract of land will be to the parts of the land not taken for right of way, without showing his experience in such matters.

3. In a proceeding to condemn a strip of land for a railroad right of way over a farm, the land owner asked a witness what, in his judgment, would be the injury or damage to the remaining portion of the farm outside of the right of way. It was objected that the question did not confine the witness to the effect of the construction and operation of the railway upon the market value of the abutting property: *Held,* that the opinion called for was entirely proper for the defendant to ask the witness to give, and that it was incumbent upon the petitioner, if it was apprehended that such opinion embraced improper elements of damage, or rested upon an improper basis, to bring such fact to light by cross-examination.

4. In such a case, an instruction that "the jury, in assessing the damages to the owner, may take into consideration, not only the value of the land taken, but all the facts which contribute to produce the damages to that not taken, or that the farm is put in a worse shape for cultivation or pasturage ; that some portions of it are more dangerous for use ; that there is danger of fire from passing engines, and all other actual inconveniences and damages the property may sustain in its use, not only for the present, but for the future," was good in substance, subject only to the criticism of failing specifically to refer to the evidence.

5. In so far as the noise necessarily incident to the proper operation of a railroad over a farm will have a tendency to render the farm less desirable as a place of residence, and therefore less valuable in the market, it is an element of damage which the jury may properly take into consideration in their assessment.

6. PRACTICE—*specific objection—as to competency of evidence.* Where an objection to evidence is of such character that if brought specifically to the attention of the opposite party it might be obviated, it can not be raised for the first time on appeal or error.

7. In a proceeding to condemn land, a witness was asked, "What, in your judgment, would be the injury to the land not taken," and also the same question substituting the word "damages" in place of "injury." The opposite party·objected, generally, to the question, which objection the court overruled : *Held*, on appeal, that the objector could not urge the objection that the competency of the witness to give an opinion was not shown from experience in respect to land.

APPEAL from the Circuit Court of Madison county ; the Hon. W. H. SNYDER, Judge, presiding.

Messrs. MORRISON & WHITLOCK, and Messrs. DALE & BRAD-SHAW, for the appellant.

Messrs. KROME & HADLEY, and Messrs. WARNOCK & OWEN, for the appellee.

Mr. JUSTICE BAILEY delivered the opinion of the Court :

This was a proceeding instituted by the Chicago, Peoria and St. Louis Railway Company, to condemn a right of way, sixty feet in width, across an eighty acre tract of land belonging to Uel E. Nix. A cross-petition was filed by Nix, claiming damages to the portion of said tract of land not taken, and at the trial, the jury found the value of the land actually taken for right of way to be $274, and the damages to the contiguous land not taken to be $1810.25, making a total of $2084.25. A motion by said railway company for a new trial having been denied, judgment was rendered in accordance with said verdict.

The only errors assigned which seem to be insisted upon by counsel in their argument relate to the admission of evidence and the instructions to the jury.

At the trial, the counsel for the defendant, in seeking to prove the damage which will result to the land not taken from

the appropriation by the railway company of said right of way, and the construction and operation over the same of its railway, put to witness Weaver the following question: "What, in your judgment, would be the injury to the land not taken—to the remainder of the farm outside of the right of way?" To this question, the counsel for the railway company interposed a general objection, and the objection being overruled, an exception was taken. The same question, in substance, with the word "damage" substituted for the word "injury" was put to three other witnesses, and as to each witness was disposed of in the same manner. Each witness, in answer to the question, gave either a gross sum, or a sum per acre, as the damage which, in his opinion or judgment, would result to the land not taken.

The point is made that the answers of said witnesses to this question should not have been received, because said witnesses were not shown to have had any experience in buying or selling lands similarly situated. It is sufficient to say, that the question was not objected to on that ground, a general objection only being interposed. Where an objection is of such character, that, if brought specifically to the attention of the opposite party, it may be obviated, it can not be raised for the first time in an appellate court. If the objection now insisted upon had been made at the trial, we may presume that the competency of the witnesses examined might have been established, or other witnesses might have been examined in their stead. Counsel for the railway company having failed to make the objection then, must be deemed to have waived it.

But we are of the opinion that the objection, if made, would not have been tenable. The question called for the opinion of the witnesses as to the value of the land not taken, as affected by the construction and operation of the railway. It is not the rule that on the question of the value of property, no witnesses can be examined but those engaged in buying and selling the species of property under investigation, but, on the

contrary, any person knowing the property and its value, may testify, the weight to be given to their testimony being left to the jury. *White* v. *Hermann*, 51 Ill. 243; *Johnson* v. *F. & M. R. Ry. Co.* 111 id. 413. The precise question arising here was decided in *K. & E. R. R. Co.* v. *Henry*, 79 Ill. 290, where it was held that, on an assessment of damages, under a proceeding by a railroad company to condemn a right of way through a farm, it is competent for witnesses who are acquainted with the farm and familiar with the use and productions of such property, and its value, to give their opinions as to the extent of damage which the construction of the road over the same will occasion, leaving it to the jury to give their evidence such weight as in their opinion it may deserve.

It is further objected that said question, in the form in which it was put, did not confine the attention of the witnesses to the effect of the construction and operation of the railway upon the market value of the abutting property, but permitted them to place their estimate of damages upon some other basis. No objection having been made at the time to the form of the question none can be insisted upon now. But the opinion called for was one which it was entirely proper for the defendant to ask the witnesses to give, and it was incumbent upon the counsel for the railway company, if they apprehended that said opinion embraced improper elements of damage, or rested upon an improper basis, to bring such fact to light by cross-examination.

Complaint is made of the following instruction given to the jury at the instance of the defendant:

"The court instructs the jury, that the law is, that when a railroad condemns land for right of way, the jury, in assessing damages to the owner, may take into consideration, not only the value of the land taken, but all the facts which contribute to produce the damages to that not taken, as, that the farm is put in a worse shape for cultivation or pasturage; that some portions of it are more dangerous for use; that there is dan-

ger of fire from passing engines, and all other actual inconve-
nience and damages the property may sustain in its use, not
only for the present but for the future."

It is a proper criticism upon this instruction that it fails to
refer directly and specifically to the evidence, but we are of
the opinion that, when the whole case is considered, there is
no ground for supposing that the jury could have understood
the instruction as submitting to them a consideration of the
elements of damage therein catalogued in any other way than
upon the evidence. The substance of the instruction is fully
sustained by the decisions of this court in *K. & E. R. R. Co.*
v. *Henry,* 79 Ill. 292, *L. S. & M. S. Ry. Co.* v. *C. & W. I.*
*Ry. Co.* 100 id. 21, and *C., R. I. & P. Ry. Co.* v. *Smith,* 111
id. 363.

It is also insisted that the court erred in refusing to give
the following instruction asked by counsel for the railway
company:

"You are instructed that in this proceeding you can not
allow any damages on account of noise made by passing trains."

The noise made by passing trains is a necessary incident to
the proper operation of a railway, and in so far as such noise
will have a tendency to render said farm less desirable as a
place of residence, and therefore less valuable in the market,
it was an element of damage which the jury might properly
take into consideration. It follows that the instruction was
properly refused.

We think the record is free from material or substantial
error, and the judgment will therefore be affirmed.

*Judgment affirmed.*