SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY v.
S. R. HUNNICUTT.

Decided February 23, 1898.

1. **Railway—Eminent Domain—Damages.**

The measure of damages where a railway, in a suit for recovery of land long occupied by its tracks without right, reconvenes asking condemnation, is the value of the land at the time of trial, and evidence of its value at the time of the construction of the road is immaterial.

2. **Same—Bona Fide Occupancy.**

The same rule applies irrespective of whether the company's occupancy was or was not under a bona fide claim of right. But if a distinction is to be made it would not apply where the right was acquired from one then litigating title with the true owner, who afterwards prevailed in this suit.

3. **Railway—Right of Way—Occupying Without Objection.**

The owner's right to compensation is not waived by standing by and permitting a railway company to lay its tracks over his land without objection.

4. **Eminent Domain—Compensation—Uses of Property.**

The measure of damages is the value of the property for the most advantageous uses to which it may be applied by the owner.

Error from Falls.    Tried below before Hon. Sam R. Scott.

*A. W. Houston* and *Waller S. Baker*, for plaintiff in error.

*Z. I. Harlan*, for defendant in error.

COLLARD, Associate Justice.—The defendant in error, R. S. Hunnicutt, brought this suit in trespass to try title against the plaintiff in error, the San Antonio & Aransas Pass Railway Company, for 188 acres of land situated in Falls County, and $500 damages.

Defendant below filed a general demurrer and general denial, and specially answered, that it is a private corporation, incorporated by and under the laws of the State as a railway company, whose line of railroad runs through the town of Lott, in Falls County, and through other counties; that its line of railroad runs about 1050 feet through the land sued for and owned by plaintiff (below), and said line, 100 feet in width, is necessary for the operation of its business, that is, fifty feet on each side of its track; that the railroad now occupies the land; that it went into possession of the land about the —— day of December, 1889, and built its railway thereon under a claim of right and by virtue of a deed recorded in the deed records of the county; that at the time it took possession of the land and constructed its roadbed and laid its track thereon, the plaintiff knew it and made no objection thereto, and acquiesced therein, and at no time complained thereof to defendant; that it has tried to agree with plaintiff upon a price for the strip of land occupied, two and one-half acres of land, but that plaintiff and defendant can not agree; that defendant is ready to pay plaintiff the market value of the strip of land, and has offered to pay him the cash, but plaintiff refuses to accept any sum or put any price on the land sought to be condemned. Wherefore it prays that the strip of land be condemned for the purpose of operating its business, and other relief in equity.

Plaintiff filed exceptions to the pleading asking a condemnation of the land, and specially excepted to the plea of tender, because it shows no amount tendered, nor does it show the market value of the land. Plaintiff answered by general denial; and alleges that if the land be condemned, the market value of the same is $1250, for which he prays judgment, if the same be condemned.

The facts are as follows: The State patented the land described in plaintiff's petition December 29, 1890, by patent which was duly recorded in the record of deeds of Falls County on the 17th day of January, 1891. The strip occupied by the railroad and sought to be condemned runs through the land patented to the plaintiff, Hunnicutt.

The Texas Town Site Company executed to defendant railway company a warranty deed the 31st day of October, 1891, duly acknowledged same day, and filed for record the 6th day of February, 1893, duly recorded in Falls County March 3, 1893, conveying to the railway company about ten acres of land, being a strip of land 150 feet on each side of

the railway through the entire tract sued for by plaintiff, and described in his petition.

Plaintiff read in evidence original petition in cause number 2704 in the District Court of Falls County, styled the Texas Town Site Company v. R. S. Hunnicutt, filed June 4, 1891, wherein the plaintiff in that suit sued defendant for the tract of land described in the original petition in this suit, and the judgment in that cause, of date January 17, 1894, adjudging all of the land to defendant in that suit and the plaintiff in this suit, and awarding a writ of possession therefor, together with the mandate of the Court of Civil Appeals affirming said judgment.

The testimony was conflicting as to the market value of the two and one-half acres of plaintiff's land taken for railroad purposes by the defendant, ranging from $25 to $300 per acre. The testimony supported the verdict.

There was a trial by jury and under charge of the court a verdict to wit: "We the jury find for plaintiff the land in controversy, also that defendant is entitled to have the land described in cross-bill condemned for right of way purposes for the use of defendant railway company. Also find for plaintiff the sum of $500, the market value of land in controversy." Judgment was rendered for plaintiff for the land described in his petition, except the 1050 feet thereof in length, by 100 feet through the same, that is 50 feet on each side of defendant's railroad track, the length of the road through plaintiff's land, which strip was condemned in favor of defendant for right of way purposes; and for plaintiff Hunnicutt against defendant railway company for $500, the market value of the condemned land and all costs. Defendant has brought the case to this court by writ of error.

*Opinion.*—The court did not err in permitting defendant in error to prove the maket value of the land sought to be condemned for right of way, at the time of the trial; nor in refusing to allow plaintiff in error to prove such market value at the time of the construction of the road, and the appropriation of the land; nor in limiting, by charge, the finding of the jury to the market value of the land at the time of the trial.

The doctrine stated above has been decided and settled in this State adversely to plaintiff in error in the cases of Railway v. Cave, 80 Texas, 137, and Railway v. Ruby, Id., 172.

We think the doctrine sound and the reasoning of Chief Justice Stayton in both cases conclusive, and it is unnecessary for us to attempt to add anything to what has been said in those cases.

The only issue to be tried by the jury was the market value of the land sought to be condemned at the time of condemnation, and there was no error in so limiting the proof and confining the investigation and finding of the jury.

Plaintiff in error argues that the doctrine of the cases above cited applies only when the railway company enters upon the land and appropriates it as a naked trespasser and not under a claim of right. It might

be said in reply to this that defendant company has not shown any claim of right or title to the land. The town site company is not shown to have had title or any bona fide claim to the ten acres sold to the railway company. Hunnicutt's suit against the town site company for the land was pending when the railway company took their deed, and it must be held to have notice of the rights of the parties, and that the railway company purchased subject to the result of the suit. So far as the record before us indicates, the town site company had no title. But we do not believe the distinction insisted on by the plaintiff in error is sound. If the railway company did not own the land, it had no right to appropriate it without condemnation, and having done so without condemning it, it became liable to the owner for its value at the time it was taken by condemnation proceedings, which was at the time of the trial.

The court did not err in refusing to allow proof by the company that Hunnicutt was on the ground and knew that the road was being constructed and ties laid, and the road operated in the fall of 1889 and the beginning of the year 1890, and made no objection thereto until about the 23d day of December, 1896, the time of filing suit.

Plaintiff is not shown to be the owner of the land until patent issued to him December 29, 1890. It does not appear that he had any right to object to the construction of the road on the land at the time it was being constructed. But had he been the owner at the time of construction, his standing by silently witnessing the wrongful act of the company would not bar him of a recovery for the injury done his property. In the case of Railway v. Donahoo, 59 Texas, 132, the court says: "We are not aware of any rule of law which deprives any person of the right to recover whatever damages such person may sustain, simply because the injured person remains silent and does not indicate to a wrongdoer, while the act from which the injury is received is being committed, that full damage will be sought for the injury." And in Railway v. Pfeuffer, 56 Texas, 74, the court says: "The right to compensation is not waived by standing by and permitting the company to lay the track over the land."

If a railway company take land from the owner for railway purposes it can only do so in the manner fixed by law. When it resorts to that method, it can not claim protection from its own delay, nor the delay of the owner in asking relief. The injury is continuing, and when it seeks the methods of the law it must comply with the law and make the compensation the law prescribes.

To prevent Hunnicutt from recovering the land sued for, with the railroad upon it, defendant for the first time resorted to its right of condemnation allowed by the statute to a defendant railroad in a suit for land. In such case, the company must compensate the owner for the land taken, its value at the time taken. There can be no taking in the sense of the law, and permitted by law, except by condemnation and compensation, which must concur.

The court did not err in charging the jury: "Compensation is to be estimated by reference to the most available uses for which the property is suitable, having regard to the existing business or wants of the community or such as may be expected in the immediate future, taking into consideration its location and immediate surroundings."

The land was in the town of Lott, and its most available use was for town lots. The testimony of various witnesses was that it would be worth much less for agricultural purposes than for town lots. Some of the lower estimates of its value were upon the supposition of its use for agriculture and some of the higher for its availability as town lots.

We believe the compensation the owner was entitled to was what the land was worth to him—what he could have sold it for as town lots, or for any other purpose. Compensation must be commensurate with the injury. Railway v. Shirley, 45 Texas, 375; Boom Company v. Patterson, 8 Otto, 403; Railway v. Hogsett, 67 Texas, 686. The inquiry is: "What is the value of the property for the most advantageous uses to which it may be applied?" In the Matter of Furman Street, 17 Wend. (N. Y.), 669.

It would not be just to take plaintiff's land, suitable for town lots, and compel him to receive as compensation only its value for agriculture, when the proof showed that it was suitable for sale as town lots, and much more valuable as town lots than for planting and growing crops.

The verdict of the jury was supported by the testimony. There was no error as assigned, and the judgment is affirmed.

*Affirmed.*