THE GRAND PASS SHOOTING CLUB

*v.*

FRANK L. CROSBY.

*Opinion filed October 16, 1899.*

1. APPEALS AND ERRORS—*objection to sufficiency of foundation for deed records must be made below.* An objection that no sufficient foundation was laid for the introduction of deed records because the custodian was not called to identify them cannot be urged in the Supreme Court when not specifically raised below.

2. EVIDENCE—*Auditor's certificate is evidence that swamp lands were ceded to county.* The Auditor's certificate that specified lands within

a county were ceded to it as swamp lands is made evidence of the fact by the act of 1854.

3. SAME—*it is presumed that a circuit court of a foreign State is a court of record—admission of deeds.*   It will be presumed, in support of a certificate made by the clerk of the circuit court of another State attesting that a deed was executed in conformity with the laws of such State, that the circuit court is a court of record, and such deed may be read in evidence under the second subdivision of section 20 of the act on conveyances, (Rev. Stat. 1874, p. 276,) providing therefor when a certificate of conformity made by any clerk of a court of record of a foreign State is attached.

4. SAME—*acknowledgment of foreign deed may be shown to be in proper form by introduction of statute book.*   That a deed executed in another State was acknowledged in conformity with its laws, so as to render it admissible in evidence, may be shown by the introduction of the statute books of such State purporting to be printed under its authority.*

APPEAL from the Circuit Court of Greene county; the Hon. OWEN P. THOMPSON, Judge, presiding.

HENRY T. RAINEY, for appellant.

NORMAN L. JONES, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

This is an action of ejectment brought by appellee, against the appellant, in the circuit court of Greene county, to recover possession of eighty acres of land.

Appellee claims title to the land as being alleged swamp land conveyed to him by Greene county, and he shows a connected chain of title through numerous *mesne* conveyances, by which the title is vested in him.   For the purpose of showing these lands were swamp lands, appellee offered in evidence a certified copy of lands granted to Greene county under the Swamp Land act. The certificate of the Auditor was objected to.   In *Keller* v. *Brickey*, 78 Ill. 133, it was held that the act of Congress of September 28, 1850, vested the title of swamp lands in

*The authorities as to the proof of foreign laws are collected in a note to *State* v. *Behrman*, (N. C.) 25 L. R. A. 449.

the State without any further act being done, and the State, having competent authority, passed the title to the counties by act of the legislature.  By the act of the legislature of 1854 the certificate of the Auditor is made evidence of the fact that the lands were swamp lands, and his certificate, certifying to the same as the lands being within and belonging to the county and ceded to the county by act of the General Assembly of 1852, is made evidence of the fact, and the objection to the introduction of such certificate was properly overruled.  In *Wabash, St. Louis and Pacific Railway Co.* v. *McDougal*, 113 Ill. 603, it was held the county would be absolutely invested with the title whether the certificate of the Auditor was granted or not.  But the statute making that certificate evidence of the fact is conclusive of the question here raised.  See, also, *Gilbreath* v. *Dilday*, 152 Ill. 207.

Numerous other deeds offered in evidence were objected to by the appellant because no sufficient foundation had been laid for the introduction of the record, and it is insisted that the clerk had not been called to testify that the books in question,—the deed records,—were a part of the records of his office and in his custody.  It sufficiently appeared from oral testimony that the original deeds were lost, that a diligent search had been made therefor, that the same were not in the power of appellee to be produced, and were not intentionally destroyed or in any manner disposed of for the purpose of introducing a record of such deeds.  On such proof being made the records were produced in open court in the presence of the clerk of the court, who was the custodian thereof, as he was an officer of the court trying the case.  The objection that no sufficient foundation was laid for the introduction of the deed records because the custodian was not called to identify the same, cannot be raised for the first time in this court.  Before an objection of that character can be availed of, the person making the same must specifically call the attention of the court to the ground

of the objection, that it may be obviated when the attention of the opposite party is called thereto.    *Chicago, Peoria and St. Louis Railway Co.* v. *Nix,* 137 Ill. 141; *Benefield* v. *Albert,* 132 id. 665.

A deed was offered in evidence which was acknowledged before a notary public of Franklin county, Indiana. The acknowledgment was proved by the hand and notarial seal of such notary and was dated October 3, 1881. To this deed there was appended the certificate of the clerk of the circuit court of Franklin county, State of Indiana, that on the third day of October, 1881, the form of acknowledgment as used in the deed was in conformity with the laws of that State in relation to the acknowledgment of deeds. By the proviso to the second subdivision of section 20 of chapter 30 of the Revised Statutes of this State, where any clerk of a court of record of another State shall, under his hand and seal of such court, certify that the deed is executed and acknowledged in conformity with the laws of such State, such deed may be read in evidence, etc. It will be presumed that the circuit court is a court of record, and the certificate of conformity, taken in connection with the acknowledgment, is sufficient.

Another deed was offered in evidence acknowledged before a notary public of Rush county, Indiana, which deed is dated October 23, 1888. The certificate of acknowledgment is of the same date of the month but is blank as to the year, and objection is made that it was not in compliance with the form of acknowledgment required by the laws of the State of Illinois. The plaintiff offered in evidence a copy of section 2947 of the Revised Statutes of the State of Indiana as it appears by a supplement to a revision of the Revised Statutes of the State of Indiana for the years 1883, 1885 and 1887, which copy of such supplement of the session laws, by the title page, appears to be published by authority of the General Assembly of the State of Indiana. The ac-

knowledgment to the latter deed was in conformity with the form prescribed by the section above mentioned, which was sufficiently proven as provided by section 10 of chapter 51 of the Revised Statutes of Illinois, which provides that the statute books of the several States purporting to be printed under the authority of said States shall be evidence in all courts of this State of the acts therein contained. The objections to the sufficiency of the acknowledgment of the foregoing deeds were not well taken and were properly overruled.

Numerous other deeds were offered in evidence and objections made thereto of a character which we do not deem it necessary to further consider.

No evidence was offered by the defendant, the appellant here, and we find no error in the admission of testimony for the plaintiff. The evidence clearly authorized a judgment for the plaintiff.

We find no error in the record, and the judgment of the circuit court of Greene county is affirmed.

*Judgment affirmed.*