**BEAUMONT & G. N. R. R. v. ELLIOTT.**

(Court of Civil Appeals of Texas. Galveston. May 3, 1912. Rehearing Denied June 6, 1912.)

1. APPEAL AND ERROR (§ 655*) — STRIKING BILL OF EXCEPTIONS.

Where the trial court was misled by one of the attorneys for the appellant into signing a bill of exceptions, the proper proceeding is to correct the record in the trial court, and not by motion in the appellate court to strike out the bill, supported by an affidavit of the trial judge.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2823–2825; Dec. Dig. § 655.*]

2. APPEAL AND ERROR (§ 970*)—REVIEW— EXCLUSION OF WITNESSES—DISCRETION OF TRIAL COURT.

The placing of witnesses under the rule and excluding them from the courtroom during the trial rests largely in the discretion of the trial court, and, in the absence of an abuse of discretion and prejudice to the party complaining, the ruling is not ground for reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3849–3851; Dec. Dig. § 970.*]

3. EMINENT DOMAIN (§ 124*) — COMPENSATION — VALUE OF LAND AS OF DATE OF TRIAL.

Where a railroad company seeking to condemn land did not pay into court double the amount of the award of the commissioners, nor execute a bond, as required by Rev. St. 1895, art. 4471, as amended by Acts 1899, c. 70, to entitle it to take possession, the value of the land sought to be taken must be fixed as of the date of the trial in the county court on appeal from the award of the commissioners.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 332–344; Dec. Dig. § 124.*]

4. TRIAL (§ 194*) — INSTRUCTIONS — WEIGHT OF EVIDENCE.

An instruction directing the jury in condemnation proceedings as to the various elements of damages to be considered in estimating the damages to the land is not objectionable as on the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

5. EMINENT DOMAIN (§ 262*)—HARMLESS ERROR—ERRONEOUS INSTRUCTIONS.

Where, in proceedings of a railroad company to condemn land, the jury found that it had a right to condemn the land, the error in an instruction imposing too onerous a burden on it in establishing its right to condemn was harmless.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 681–686; Dec. Dig. § 262.*]

6. EMINENT DOMAIN (§ 262*)—HARMLESS ERROR—INSUFFICIENCY OF VERDICT.

Where, in proceedings by a railroad company to condemn land, the jury found only the amount of the damages without expressly finding in favor of the company for the land sought to be taken, the company could not complain of the judgment for establishing its right to condemn as not conforming to the verdict.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 681–686; Dec. Dig. § 262.*]

Appeal from Trinity County Court; C. J. Hinson, Judge.

Proceedings by the Beaumont & Great Northern Railroad to condemn the land of C. H. Elliott. From a judgment of the county court fixing the compensation, petitioner appeals, and the owner assigns cross-errors. Affirmed.

G. C. Clegg, of Trinity, and Kenley & Minton, of Groveton, for appellant. Crow & Phillips, of Groveton, and Dean, Humphrey & Powell, of Huntsville, for appellee.

REESE, J. In this proceeding appellant seeks to condemn, for its use as a railroad corporation, a parcel of land lying in the outskirts of the town of Trinity, in Trinity

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

county, about an acre in extent, belonging to appellee. The commissioners appointed by the county judge awarded appellee $150 as the value of the land. From this award he appealed to the county court, where the case was tried with the assistance of a jury. The jury returned a verdict fixing the value of the land and damages to appellee's other land at $900. Upon the verdict judgment was rendered condemning the land for the use of appellant, and in favor of appellee for $900. From this judgment the Railroad Company appeals. Appellee denied the right of appellant to condemn and has assigned cross-errors.

By its first assignment of error appellant asserts that the court erred in placing under the rule as witnesses S. E. Barnes and W. A. Bell, and excluding them from the courtroom during the trial, over appellant's protest. The ground of objection is that these parties were pecuniarily interested in the litigation, as they, with others, had bound themselves to procure the right of way through the town of Trinity and across appellee's tract of land, and appellant needed their assistance on the trial.

[1] We are met in limine in passing upon this assignment by a motion to strike out the assignment and the bill of exceptions upon which it is based, the motion being accompanied by the affidavit of the county judge to the effect, in substance, that he was misled by one of the attorneys for appellant in signing the bill, and that the statement therein in a material particular is not true. We are inclined to think that a bill of exceptions duly signed by the judge and incorporated in the record cannot be impeached in this way, but that the proper proceeding would have been to have the record corrected in the trial court, and we overrule the motion.

[2] However, we think there is no merit in the assignment. The matter was largely in the discretion of the trial court, and, in the absence of facts showing a positive abuse of such discretion and positive prejudice to appellant, his action would not be ground for reversal.

[3] The condemnation proceedings were begun by filing the petition with the county judge January 17, 1910. It is stated by appellant that upon appellee refusing to accept the award it paid into the court double the amount thereof, to wit, $300, and executed bond as required by statute to entitle it to take possession. Article 4471, R. S., as amended Acts 1899, p. 105. But it is nowhere shown by the statement of facts that this was done, and it must be considered that this fact was not shown. This being true, it was proper for the court to instruct the jury to estimate the value of the land taken as of the date of the trial, which was in fact the date of the actual taking and condemnation. Railway Co. v. Hunnicutt, 18 Tex. Civ. App. 310, 44 S. W. 535. The second assignment of error presenting this question is therefore overruled.

The charge objected to by the fourth assignment was a correct statement of the law. There is no merit in the objection presented by the assignment.

[4] The court in its charge, instructed the jury that certain items of damage should be considered, if found to be established by the evidence, enumerating them. Several objections are made to this charge; the objections being stated in separate propositions. The first objection is that there was no evidence of the existence of these items of damage or at least of some of them. A careful examination of the evidence discloses that there was evidence as to the existence of nearly all of the items of damage. If any of such items were not shown by the evidence, they are so insignificant that the charge as to them could not have materially affected the amount of the verdict. According to the authorities, it is not error, in a case of this kind, to instruct the jury as to various items of damage to be considered by them in estimating the damage to the land, and such charge is not on the weight of the evidence. G. C. & S. F. Ry. Co. v. Abney & Stout, 3 Willson, Civ. Cas. Ct. App. § 413; Railway Co. v. Nix, 137 Ill. 141, 27 N. E. 81; Railway Co. v. Blume, 137 Ill. 448, 27 N. E. 601, and other cases shown in note to Traction Co. v. Larrabee, 168 Ind. 237, 80 N. E. 413, 10 L. R. A. (N. S.) 1003, 11 Ann. Cas. 695.

Other objections to the charge are not sufficient to authorize a reversal in view of the fact that it is difficult to conceive that the charge in the particulars complained of could have had any appreciable effect on the jury in fixing the amount of the damages. The sixth and eighth assignments of error are overruled.

[5] In view of the fact that the judgment of the court establishes appellant's right to condemn, if there was any error in that portion of the charge complained of by the ninth assignment of error, in imposing too onerous a burden upon it in establishing such right, such error was harmless as to it. What does it matter now that the jury were instructed that certain facts were in issue which in fact were not in issue but were established by the uncontroverted evidence, if the jury by their verdict found in accordance with the existence of such facts?

[6] The jury found only as to the amount of the damages, without finding expressly in favor of appellant for the land sought to be condemned. Upon this verdict judgment was rendered in favor of appellant establishing its right to condemn, and in favor of appellee for the damages. Of this appellant complains on the ground that the verdict did not authorize the judgment in its favor as to the right to condemn. It seems reasonably clear that appellant cannot be heard to complain of this.

There is no merit in the twelfth assignment. The court charged the jury that "the correct measure of defendant's damages, if any you find he has sustained, by reason of the construction of plaintiff's said railroad adjacent and contiguous to his said land, is the difference in value between said land as it now is and as it would be without the maintenance and operation of said railroad." The objection to the charge as stated in the proposition lies in the statement that the value at the time of the trial, and not at the time of the original condemnation, is to be the measure by which the damages are to be estimated. As we have stated, this rests upon the facts embraced in the statement following the assignment that appellant had paid into the court the $300 and made the bond required by the act of 1899, and became thereupon entitled to the possession of the land. This, as we have seen, was not established by the evidence. Without this the rule stated in the charge was correct. Railway Co. v. Ruby, 80 Tex. 176, 15 S. W. 1040; Acts 1899, p. 105.

Complaint is made that the damages awarded are excessive. We have examined the evidence in the statement of facts very carefully on this point, and our conclusion is that, while the evidence is conflicting, it fairly supports the verdict. The tenth assignment must be overruled.

Appellee presents several cross-assignments of error under which it is contended that appellant was not shown to be entitled to condemn the land. We will not undertake to discuss these cross-assignments. It would serve no useful purpose to do so. We do not think they present any merit, and the assignments and several propositions thereunder are severally overruled.

We find no error requiring reversal, and the judgment is affirmed.

Affirmed.