Syllabus.

# HENRY WICKENKAMP

*v.*

# WILLIAM WICKENKAMP.

1. EXCEPTION—*must show by whom made and to what.* An exception should show by which party it is made, and if it relates to the admission of evidence, whether it was taken to the remarks of the judge in respect to its admissibility, or a refusal to allow the evidence.

2. EVIDENCE—*no error to refuse to allow witness to state what he has previously stated.* Where a witness, on his direct examination, has testified substantially to the same fact sought to be proved on his redirect examination, there will be no error in refusing to allow him to repeat the same.

3. SAME—*of contract prior to settlement.* If a note is given in settlement for services up to its date, this will not preclude the holder of the note from showing the existence of a prior contract, by which he was to receive a certain sum for his services per year, under which he performed services after the execution of the note.

4. SAME—*discretionary to allow evidence not strictly rebutting.* Although evidence is not strictly rebutting in its character, it is discretionary with the court to admit or reject it, and the exercise of the discretion can not be assigned for error.

5. SAME—*secondary.* Where it is shown that a note or contract has been destroyed, parol evidence of its contents may be resorted to for any legitimate purpose.

6. SAME—*waiver of objections to.* Where specific objections are made to the admission of testimony, none of which are tenable, other objections must be regarded as waived.

7. SAME—*improper evidence no ground of error if not objected to.* The mere fact that improper evidence is allowed to go to the jury, without objection, can not be urged as a ground for reversing a judgment.

8 SAME—*rebutting improper evidence.* The fact that improper evidence is admitted without objection, will not justify the adverse party in resorting to the same character of proof to rebut it.

9. SAME—*how to avoid improper.* Where improper evidence is admitted, the other party should move to exclude it, or ask the court to instruct the jury to disregard it, and if the court refuses, it will be error.

10. INSTRUCTION—*as to interest where there are credits, construed.* An instruction that the jury should allow the plaintiff the amount of the note sued on and the interest thereon, and should then deduct all such credits,

payments and matters of set-off as were shown, does not state any rule for the computation of interest, and can not be reasonably construed as not allowing payments at the date they were made.

11. CONTRACT—*when renewed by another, ceases to exist.* Where a new note is given in the place of a former one which is given up, the old note will be no longer in force for any purpose, and its contents can not be proved, if objected to on this ground.

APPEAL from the Circuit Court of Adams county; the Hon. JOSEPH SIBLEY, Judge, presiding.

Mr. O. C. SKINNER, and Mr. JOSEPH N. CARTER, for the appellant.

Messrs. WHEAT & MARCY, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee, in the circuit court of Adams county. against appellant, to recover for eight years and six months' labor performed by the plaintiff for the defendant.

A trial of the cause was had before a jury, which resulted in a verdict in favor of appellee for $2753.85. The court overruled a motion for a new trial, and rendered judgment upon the verdict, to reverse which appellant brings the record here.

It appears from the testimony, that appellee, who was a son of appellant, was 21 years of age in August, 1863, at which time he commenced work for appellant, and continued until March, 1872. On the 1st of March, 1869, appellant gave appellee his promissory note for $2000 on account of labor performed. Subsequently this note was surrendered, and another one given for the same amount, bearing date March 1, 1871, due in one year, with ten per cent interest. The suit is brought upon the last note, and to recover for three years' labor, from March, 1869, to March, 1872, at $300 per annum.

The appellant filed a plea of set-off, under which he sought
to establish an account against appellee, consisting of various
items for money, goods, labor and rent of land, had by appellee
at various times, amounting to a large sum of money.   It is
insisted by appellant that, under the evidence, many of these
items should have been allowed and set off against appellee's
claim, which the jury failed to do.   There was a clear conflict
of evidence upon the various items of set-off embraced in
appellant's account, which were not allowed by the jury.
Under such circumstances, the verdict of the jury must be
regarded as final, unless it appears to be manifestly against
the preponderance of the testimony.

The decisions of this court are uniform that, upon pure
questions of fact, where there is a conflict in the evidence, it
is the peculiar province of the jury to reconcile and settle the
conflict, and when a decision is reached, it will not be dis-
turbed, unless the finding is clearly and manifestly against
the weight of the evidence.   Appellant, however, insists that
the court erred in the exclusion of certain evidence offered
by him.

Upon an examination of the record we do not understand
that the court refused to allow the proof which appellant
argues was admissible.   When appellant was re-examined by
his counsel, he was asked if, in 1869, after the giving of the
first note, and before its surrender and the making of the
second note, he did not furnish appellee with clothing.   This
question was objected to as immaterial.   The court remarked,
" It would make no difference ; the note is evidence of what
he owed up to the date of it."   The record shows an excep-
tion.   Who excepted, whether the exception was to the
remark made by the court, or a refusal to allow evidence,
the record is entirely silent.

In any event, however, it does not appear that appellant
was injured.   On his direct examination he testified that
appellee was a member of his family until 1872; that after he
was of age, and until he left, in 1872, he clothed him, paid

his doctor bills, and furnished him every thing he wanted, the same as he had done before appellee was of age.

The testimony which the counsel for appellant attempted to obtain on redirect examination, was already before the jury. Its repetition, by the witness, could give it no additional force or effect.

It is next urged that the court improperly permitted appellee, in rebuttal, to prove that the note given in 1869 contained an agreement on the part of appellant to pay appellee $300 per annum for his services. At the time this evidence was offered, the counsel for appellant interposed three specific objections to its admission : *First,* Because the court had ruled, before appellant had closed his evidence, that the note in suit was a settlement up to its date. *Second,* Because the evidence was not proper in rebuttal ; and *Third,* Because the contents of a written instrument could not be proved by parol evidence.

Neither of these objections was well taken. As to the first, if the court had ruled the note in suit was a settlement up to its date, that fact would not preclude appellee from showing the existence of a prior contract, by which he was to receive pay for his labor at a certain sum per annum for the three years from 1869 to 1872, and such was the object of the testimony. As to the second objection, conceding that evidence was not strictly rebutting testimony, it was discretionary with the court to admit or reject it, and the exercise of that discretion can not be assigned for error.

In regard to the third objection, it had been proven that the note given in 1869 was destroyed, and hence parol evidence of its contents could be resorted to for any legitimate purpose.

The proof offered and admitted was not, however, competent evidence, and had the proper objection been made, it would have been error to have admitted it; but when specific objections are made to the admission of testimony, none of

which are tenable, other objections must be regarded as waived.

When the note given in 1869 was surrendered and destroyed, and a new note given in its place, the contract of 1869 was destroyed and obliterated; it was no longer in force for any purpose. It was cancelled by the parties, and a new contract entered into. Had this objection been interposed to the introduction of the evidence, its admission would have been error, but the mere fact that improper evidence was allowed to go to the jury, without objection, can not be urged as a ground for reversing a judgment.

After appellee had closed his rebutting testimony, appellant recalled a witness, and offered to prove that the note given in 1869 did not contain a provision that appellee was to receive $300 per annum for his labor. The evidence was objected to, and the objection sustained, and this decision of the court is relied upon as error.

The fact that the court had allowed improper evidence on this branch of the case, on behalf of appellee, can not be regarded as a reason to justify appellant in resorting to the same character of proof to rebut it. This view of the question worked no hardship upon appellant. He had it in his power to exclude the improper evidence introduced by appellee, from the jury, by motion, or he could have prepared an instruction directing the jury to disregard it, and had the court denied the motion or refused the instruction, it would have been error.

It is, however, insisted that the court erred in giving appellee's first instruction, which was as follows:

" In arriving at their verdict in this case, the jury should allow the plaintiff the amount of the promissory note sued on, and the accrued interest thereon, and also the amount to which he is entitled for work and labor done by the plaintiff for the defendant, as shown by the evidence, (not included in said note,) and should then deduct all such credits, payments

and set-offs, if any, as they may find that the defendant is entitled to from the evidence, and give their verdict for the balance remaining after such deductions (if any)."

It is said this instruction lays down a new rule for computing interest upon a note upon which there has been payments.

We do not regard the objection made to this instruction as tenable. The instruction does not contain any rule for the computation of interest. The jury were merely directed to allow the plaintiff the note and interest, and so much for his account as the proof justifies, after deducting such credits as the evidence establishes.

The jury could not reasonably infer from the instruction that appellant was not to be credited with any payment at the date it was made.

Appellant's seventh instruction, which the court refused, was liable to mislead the jury, and for that reason was properly refused.

The jury are the sole judges of the weight that should be given to the evidence introduced by the parties, and in the discharge of their duty they should be left free and untrammeled.

So far as the record discloses, the merits of this case were fairly presented to the jury. The question in dispute was one purely of fact, which was, no doubt, fully comprehended by the jury, as the verdict is fully sustained by the evidence.

On the whole record, we perceive no substantial error, and the judgment will, therefore, be affirmed.

*Judgment affirmed.*