Irwin v. Atkins et al.

## JOHN G. IRWIN, Administrator, etc.,
## V.
## AMOS ATKINS ET AL.

1. CONFLICTING EVIDENCE—INSTRUCTIONS.—Where testimony as to an accounting was conflicting and fairly presented two aspects of the case, it was proper to submit to the jury instructions involving both aspects of the case. The court is of opinion that it was error to refuse the third and fourth instructions; they were duplicates of no instructions given, and as the instructions given did not fairly submit the real question in issue to the jury, both theories suggested by the testimony, should have been presented for their consideration. The court is also of the opinion that there was no occasion for the modification of plaintiff's second instruction, and that the modification made was calculated to mislead.

2. EVIDENCE.—Where at the time of an accounting, appellee was solvent and in good financial circumstances, and this fact made it more probable that G. would surrender the note in question on which J. was security and take the simple promise of appellee for the indebtedness, evidence as to such fact was material and proper; but where the insolvency of appellee in 1879 was an immaterial matter and shed no light upon the question at issue, and was likely to mislead and prejudice the jury, such evidence was inadmissible.

3. PRACTICE.—A party should object to improper statements of a witness at the time they are made. A motion to exclude all of a witness' testimony, made after it was closed, can not be sustained, where some of it was competent and proper.

ERROR to the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding. Opinion filed April 13, 1883.

Messrs. KROME & HADLEY, for plaintiff in error; that the taking of a promissory note for a pre-existing debt or contemporaneous consideration is treated, *prima facie*, as condi-

tional payment only, cited Morrison v. Smith, 81 Ill. 221; Miller v. Lumsden, 16 Ill. 161; McConnell v. Stettinius, 2 Gilm. 707; Wood v. Merchant's Savings Co. 41 Ill. 267; Alcott v. Rathburn, 5 Wend. 490; Flower v. Elwood, 66 Ill. 438.

If the holder of a note agrees to release the principal upon the payment of one half the amount due, and such payment is made, neither the principal nor surety is discharged from the balance of the note: Brandt on Suretyship, § 288; Obendorff v. Union Bank, 31 Md. 126.

The effect of novation is that the prior obligation, together with its accessions and privileges, is destroyed, but novation will not take place if the second obligation is void: Brandt on Suretyship, § 290; Mitchell v. Colton, 2 Fla. 130; Williams v. Gilchrist, 11 N. H. 535; 2 Parsons on Notes and Bills, 527.

When the matter, be it ever so well pleaded, can signify nothing, judgment may be given as by confession: Woods v. Hynes, 1 Scam. 104; Stacker v. Hewitt, 1 Scam. 207; Hitchcock v. Haight, 2 Gilm. 604.

Messrs. WISE & DAVIS, for defendants in error; that when the evidence is conflicting as to the nature and extent of a contract, the verdict of the jury in settling the facts will not be disturbed, cited Clifford v. Luhring, 69 Ill. 401; T. W. & W. R'y Co. v. Elliott, 76 Ill. 67; Hewitt v. Estelle, 92 Ill. 218; Smith v. Bingham, 3 Bradwell, 65; C. B. & Q. R. R. Co. v. Lee, 87 Ill. 454; Calvert v. Carpenter, 96 Ill. 63; Conn. Mut. Life Ins. Co. v. Ellis, 89 Ill. 516; Blake v. McMullin, 91 Ill. 32; Addems v. Suver, 89 Ill. 482.

As to the legal effect of a settlement: White v. Campbell, 25 Mich. 468; Ashley v. Hill, 6 Conn. 246; Bass v. Bass, 8 Pick. 187; Niles v. Harmon, 80 Ill. 396; Strauber v. Mohler, 80 Ill. 21; Bull v. Harris, 31 Ill. 487; Stuphen v. Cushman, 35 Ill. 199; 2 Greenl. on Ev. § 128; McClelland v. West, 70 Penn. 183; Throop v. Sherwood, 4 Gilm. 98; Holmes v. DeCamp, 1 Johns. 34; Forrester v. Allanson, 1 Tenn. 479; Fitch v. Haight, 4 Scam. 52; Wickencamp v. Wickencamp, 77 Ill. 97.

Instructions must be based upon the evidence: I. & St. L R. R. Co. v. Miller, 71 Ill. 463; I. B. & W. R'y Co. v. Birney, 71 Ill. 391; Geary v. O'Neal, 73 Ill. 593; Piner v. Cover, 55 Ill. 391.

Instructions presenting only a partial view of the facts are objectionable: Chittenden v. Evans, 48 Ill. 52; C. B. & Q. R. R. Co. v. Griffin, 68 Ill. 499; Ogden v. Kirby, 79 Ill. 555; Evans v. George, 80 Ill. 51.

BAKER, P. J. May 2, 1870, Atkins and Job executed and delivered to Josiah K. Gillham, administrator of John G. Gillham, deceased, a promissory note for $470, due nine months after date, with interest at ten per cent. from maturity. Atkins was principal and Job was surety. The note was subsequently lost or mislaid, and on the 29th of October, 1872, Gillham made an affidavit before a justice of the peace, Job being present, of the loss of this note, and of two other notes that he held against Atkins individually. In February, 1873, Atkins and Gillham had a settlement, in the presence of M. D. Moore, of their mutual accounts, the claims each held against the other. At this settlement Atkins paid some money to Gillham; and Gillham surrendered to Atkins two notes (other than that here in suit), and handed him the affidavit spoken of above; and Atkins wrote across the face of the affidavit these words: "February 12, 1873, this is settled by renewal of notes to school fund 4-9." On the settlement, the parties both agreed that Atkins was still owing Gillham $490.

Afterward the $470 note was found, and Josiah K. Gillham being dead, suit was brought thereon October 7, 1879, by plaintiff in error, as administrator *de bonis non*, with the will annexed, of his estate. The result of the last trial of this suit in the circuit court, was a verdict and judgment in favor of defendants.

The testimony on this trial, with regard to the settlement we have already referred to between Atkins and Gillham, was of an unsatisfactory and conflicting character, and fairly presented two aspects of the case. One view was, there was a

*quasi* novation, an extinguishment of the then existing causes of action each held against the other, and a new promise or undertaking substituted therefor; that there was an executed accord, a balance ascertained and a promise to pay *it*, and a mutual surrender and cancellation of the original evidences of indebtedness each held against the other, including the note in litigation, with only the fortuitous circumstances intervening; *that* note was then lost or mislaid, and the affidavit of such loss was surrendered to the maker in lieu and place of the note itself. 2 Bouv. Law Dic. title Novation; 2 Greenl. Ev. Sec. 127; Wickencamp v. Wickencamp, 77 Ill. 92.

This view of the case was legitimately presented by the testimony, and was submitted to the jury in an instruction given at the instance of defendants; and to that instruction we see no substantial objection.

The other aspect of the case was, that upon the ascertainment of a balance of $490, due to Gillham, it was agreed that if Atkins would assume a debt of $490, due the trustees of schools from John G. Gillham's estate, by giving such security therefor as would be satisfactory to the trustees, and have the effect to take up and discharge the notes held by them against said estate, then that would be full settlement and payment of the note in question; in other words, that there was a conditional agreement that if Atkins paid or settled with the trustees this indebtedness due them of $490, the note should be discharged.

There can be no serious question there was testimony before the jury tending to prove this view of the matter. Moore, at whose house the arrangement was made, says, among other things: "The balance on the settlement was about $490 due from Atkins to Gillham, for which Atkins was to give a note to the trustees of schools of 4–9. At the time of the settlement John G. Gillham's estate was owing the trustees of schools of 4–9 two notes amounting to about $490 together. The agreement between Atkins and Gillham at that time was, that Atkins was to assume the debt which John G. Gillham's estate was owing to the trustees of schools, by giving his note se-

cured by a mortgage on land to the trustees, and that was to be in settlement of the balance found due in the settlement between them. It was also to be in payment of the note sued on here. The security was to be such as to take up the John G. Gillham notes." There were other statements made by the same witness tending in the same direction; the writing across the face of the affidavit made by Atkins at the time, may probably be regarded as having like tendency; and so, also, some of the surrounding circumstances, such as the improbability that Gillham would surrender his note with undoubted security for the mere promise of Atkins to pay the debt due the trustees, and the fact some money was paid to Gillham at the settlement and this reduced the whole amount due Gillham to the amount due the trustees, had probative force in the same direction.

The court refused to give the third and fourth instructions asked by plaintiff, which were as follows:

"3. The court further instructs the jury that, although they may believe from the evidence that the defendants, Atkins and Josiah K. Gillham had a settlement of their accounts, including the note sued on here, and that at said settlement a balance was found due on the note sued on here, and that it was agreed between Atkins and Gillham that said balance on said note was to be paid by Atkins assuming a debt which John G. Gillham's estate was owing the trustees of schools; yet the jury are instructed that said agreement of itself is not sufficient to discharge the defendants, and unless Atkins carried out said agreement by actually assuming said debt to the trustees of schools, or paid the same, the jury must find for the plaintiff."

"4. The court further instructs the jury, that although they may believe from the evidence that Atkins and Josiah K. Gillham had a settlement of their accounts, including the note sued on, and that upon said settlement a balance of $490 was found due on the note sued on, and that it was agreed between Atkins and Gillham that said balance was to be paid by Atkins giving his note and mortgage to the trustees of schools in payment of a debt which the estate of John G. Gill-

ham owed said trustees; yet, if the jury further believe from the evidence that the trustees of schools refused to accept the note and mortgage offered by Atkins in payment of the John G. Gillham debt, and that they collected said debt off the Gillham estate, then the note sued on was not thereby paid, and the jury must find for the plaintiff."

These were duplicates, in substance, of no instructions that were given; we see no valid objection to them; and are of opinion it was error to refuse them. The instructions given did not fairly submit the real question in issue to the jury; both theories suggested by the testimony should have been presented for their consideration. We express no opinion as regards the weight of evidence on the real point at issue.

Some minor matters claim attention. We think there was no occasion for the modification of plaintiff's second instruction, and that the modification made was calculated to mislead. The fact the balance of $490, struck at the time of the accounting, was ascertained by deducting all amounts due the one from all amounts due the other, including the note in controversy, and was a general balance on settlement, is not necessarily a controlling fact. There was nothing to prevent the parties, if they saw proper, from applying the amounts due Atkins first in full satisfaction of the other demands due Gillham, and only the residue as a credit on the $470 note, and this notwithstanding the ascertainment there was a balance of $490 on settlement of all matters between them.

It was entirely competent to show that in 1873, the time the accounting was had, Atkins was solvent and in good financial condition; it made it altogether more probable Gillham would surrender the note on which Job was surety, and take the simple promise of Atkins for the indebtedness.

It was, however, improper to allow several witnesses, against the objections of plaintiff, to testify that in 1879, the time suit was instituted, Atkins was insolvent. That was a wholly immaterial matter, and shed no light upon the questions at issue; and, taken in connection with the fact that Job was security on the note, it was calculated to mislead and prejudice the jury to plaintiff's detriment.

It is to be regretted the statements of fact made by the principal witness were so involved with expressions of opinion and mere conclusions of his own. But the motion to exclude all his testimony, made after it was closed, was properly refused. Plaintiff should have objected to the several improper statements at the time they were made.

The judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.