The Chicago, Peoria and St. Louis Railway Company

*v.*

Henry L. Blume.

*Filed at Mt. Vernon May 9, 1891.*

**1.** Eminent domain—*measure of damages to land not taken.* In a proceeding to condemn land for a railroad right of way, some of defendant's witnesses referred to "danger to stock," etc., in giving their reasons for placing the damages to the land not taken at certain figures. The court instructed the jury that they were not authorized to allow

anything for supposed damage to stock from the use of the right of way for railway purposes, and "that the damages contemplated to be paid for injury to contiguous land not taken, are such, and only such, as are the direct results of the taking of the right of way; that such damages, to be legitimately allowed, must be direct and proximate, and not remote and possible, only:" *Held*, that in view of the instructions thus given, the petitioner could not have been injured by the testimony complained of.

2. On the trial of a condemnation proceeding, the court, on behalf of the defendant, instructed the jury, "that the law is, that when a railroad condemns land for right of way, the jury, in assessing damages to the owner, may take into consideration not only the value of the land taken, but all the facts which contribute to produce the damages to that not taken, as, that the farm is put in a worse shape for cultivation or pasturage; that some portion of it is more dangerous for use; that there is danger of fire from passing engines, and all other actual inconvenience and damages the property may sustain in its use, not only for the present, but the future:" *Held*, that the instruction was not erroneous.

3. PRACTICE—*improper answer to unobjectionable question—motion to exclude.* Where an improper answer is made by a witness to a proper and unobjectionable question, the party claiming to be injured by the objectionable evidence should move to exclude it, or ask an instruction directing the jury to disregard it. If he fails to do either he can not complain.

4. PRACTICE IN THE SUPREME COURT—*error will not always reverse.* Remarks of the court in passing upon objections to the evidence, made without time or opportunity for reflection, even if not correct statements of the law, do not constitute error of such gravity as to call for a reversal when no other error intervenes.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. MORRISON & WHITLOCK, and Messrs. DALE & BRADSHAW, for the appellant:

The court erred in allowing witnesses to testify as to what the land was worth taken as a strip. Dorr testified that the land taken, without reference to a railroad, was worth $80 an acre, and the court allowed him to state that, taken as a strip, it is worth $150 an acre. This is error. *Railroad Co. v. McDougal,* 126 Ill. 111.

The court erred in permitting witnesses to testify as to danger from fire, danger to stock, danger to grain, etc. Such damages are purely imaginary and speculative. *McReynolds* v. *Railway Co.* 106 Ill. 152.

The court made improper remarks in the hearing of the jury, and gave improper instructions.

Messrs. Krome & Hadley, for the appellee:

The evidence claimed to be improper are responses made by witnesses to perfectly proper questions. If such responses were improper, it was the duty of counsel to have moved to exclude the answers, or ask the court to disregard the same. *Wickenkamp* v. *Wickenkamp*, 77 Ill. 96; 125 id. 398.

The only testimony given as to damages on account of danger to stock, etc., was given by some of the witnesses in giving reasons for their estimates of damages to land not taken. Any cause which depreciates the market value of the land is a proper element of damage. A permanent danger, if it depreciates the market value of the land, is an element.

As to the remarks of the judge in the presence of the jury, see *Beasley* v. *People*, 89 Ill. 580.

In ascertaining the extent of the damages, the jury may consider the fact that it puts the farm in worse shape for cultivation or pasturage; that it renders some portion of it less convenient or more dangerous for use; that there may be inconvenience or danger in crossing the road with stock to water, and that it would require a person to drive them to and from the water in crossing the road, and the danger of fire from passing engines, and all other actual inconvenience and damage the property may sustain in its use, and consequently its value, not only in the present, but for the future. These all produce damage to the property, and are proper for the consideration of the jury. The above language was cited with approval by the court again in *Railway Co.* v. *Railroad Co.* 100 Ill. 31; *Railway Co.* v. *Smith*, 111 id. 371.

Mr. Justice Magruder delivered the opinion of the Court:

This is a proceeding, begun by the appellant Company in the Circuit Court of Madison County on October 3, 1889, for the condemnation of a strip of land, sixty feet wide, running through appellee's farm. The appellee filed a cross-petition for damages to the contiguous land not taken. Verdict and judgment in the trial court were in favor of defendant below for $265.06 for the land taken, and $1472.00 for the land not taken.

Appellant objects to the answer of one of defendant's witnesses as being improper. The question, in reply to which the answer was given, was perfectly proper and unobjectionable. In such case, the party claiming to be injured by the objectionable evidence, should move to exclude it, or ask an instruction directing the jury to disregard it. (*Wickenkamp* v. *Wickenkamp*, 77 Ill. 92). As the petitioner below made no such motion, nor asked any such instruction, it cannot complain.

Appellant complains, that some of the witnesses of the defendant referred to "danger to stock" etc., in giving their reasons for placing the damages to the lands not taken at certain figures. No questions were asked by the defendant below upon this point, and the petitioner made no motion to exclude the evidence. The court instructed the jury, at the request of the petitioner, that they were "not authorized by law to allow anything by their verdict by reason of any supposed damage to stock from the use of said right of way for railroad purposes, nor for * * * the damage to stock by reason of the taking and subsequent using of said right of way," and "that the damages contemplated to be paid for injury to contiguous land not taken, are such and only such as are the direct results of the taking of the right of way; that such damages to be legitimately allowed must be direct and proximate and not remote and possible only." In view of the instructions thus

given, the petitioner could not have been injured by the testimony complained of.

The appellant assigns as error, that the court below gave for the defendant the following instruction :

"The court instructs the jury, that the law is, that when a railroad condemns land for right of way, the jury, in assessing damages to the owner, may take into consideration not only the value of the land taken, but all the facts which contribute to produce the damages to that not taken, as, that the farm is put in a worse shape for cultivation or pasturage ; that some portion of it is more dangerous for use ; that there is danger of fire from passing engines, and all other actual inconvenience and damages the property may sustain in its use, not only for the present, but for the future."

This instruction is sustained by the views of this court as expressed in *Keithsburg & East. R. R. Co.* v. *Henry,* 79 Ill. 290 ; *L. S. & M. S. Ry. et al.* v. *C. & W. I. R. R.* 100 id. 21 ; and *C., R. I. & P. Ry. Co.* v. *Smith,* 111 id. 363.

Appellant also complains of certain remarks, made by the court when passing upon objections to evidence raised during the progress of the trial. After a careful examination of the remarks complained of, we are of the opinion that they did not prejudice the cause of the petitioner, whether all of them were entirely proper or not. They come under a class of remarks, referred to in *Beasley* v. *People,* 89 Ill. 571, which, though "not always accurate expressions of the law," in view of the fact that they are made in the decision of questions that are "pressed upon the attention of the court when there is no opportunity for reflection," do not constitute "error of sufficient gravity to be the ground of reversal, when no other error intervenes."

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*