## JAMES MAXWELL *et al.*

### *v.*

## AGNES DURKIN.

*Opinion filed April 17, 1900—Rehearing denied June 8, 1900.*

1. TRIAL—*when improper conduct by appellee's attorney will not reverse.* Improper conduct in the trial court by the attorney for appellee is not ground for reversal where the appellant's attorney was equally responsible for the disorderly manner in which the trial was conducted.

2. EVIDENCE—*what evidence justifies refusal to direct a verdict for defendant.* In an action based upon the negligence of the defendants' coachman in permitting the defendants' horses to escape from the barn, testimony that the coachman left the horses untied while he went into an adjoining room to hang up the harness justifies an inference of negligence, and authorizes the refusal of an instruction to find for the defendants though such testimony is contradicted by the coachman.

3. SAME—*what evidence competent in rebuttal.* Where defendants' coachman has testified that he tied the horses after unharnessing them, evidence that the halters used upon the horses were of a different kind than those described by the coachman is admissible in rebuttal, as tending to contradict the witness upon a material matter and as affecting his memory or truthfulness as to what occurred at the time.

4. SAME—*admission of improper evidence without objection does not authorize its rebuttal.* The admission of improper or immaterial evidence on behalf of one party without objection by the other will not justify a resort by the other to improper or immaterial evidence to rebut it.

5. SAME—*court may admit evidence in chief after defendant has rested.* In an action based upon the negligence of defendants' coachman in leaving horses untied, in consequence of which they escaped from the barn, evidence that they had escaped on previous occasions when left untied by him would be competent as part of plaintiff's evidence in chief, and hence may be admitted at the close of defendants' evidence, even though the circumstances would not authorize its admission in the character of rebuttal evidence.

*Maxwell* v. *Durkin*, 86 Ill. App. 257, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

MEEK, MEEK, COCHRANE & MUNSELL, for appellants.

BRANDT & HOFFMANN, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

On January 26, 1894, appellants' team of carriage horses were being unharnessed in a barn in Chicago by Frank Steiner, their coachman, and escaped from the barn through the back door into an alley, from which they passed into a public street of the city. While they were running back and forth in the street and the coachman and others were trying to stop them, one of them ran over appellee, a child eight years old, who was crossing the street at the regular place on her return from school. Her leg was broken and after her recovery was somewhat shorter than the other, and she brought this suit, by her next friend, to recover damages from appellants. She charged them with liability, first, on the ground that the horses were permitted to go at large in the street in violation of an ordinance of the city of Chicago; and second, because the coachman was negligent in permitting them to escape and go upon the street. There was a trial, at which appellee recovered a judgment, and it has been affirmed by the Appellate Court.

A general complaint is made that the defendants did not have a fair trial on account of the improper conduct of the attorney for plaintiff throughout the trial. The Appellate Court characterized the conduct of the attorneys on both sides as unbecoming and reprehensible, and said that orderly, dignified and respectful conduct on the part of both of them should have been enforced, and, if necessary, the court should have promptly imposed such punishment as would have secured that result, but declined to reverse the judgment, since the attorney for the defendants was equally to blame. We concur in all that was said by the Appellate Court on that subject. The

record is filled with the wrangles of counsel and frequent remonstrances of the trial court, and on one occasion a threat of punishment. It is the duty of a judge presiding at a trial to supervise it and to enforce respectful treatment of the court, the witnesses and the counsel, and it is to be regretted that it was not done in this instance. Witnesses and opposing counsel were insulted, and each attorney charged the other with untruthful statements and endeavoring to induce witnesses to testify untruthfully or of things of which they were ignorant, and the rulings of the court were not obeyed and were treated with no respect whatever. Such conduct, we believe, is not common in courts of record, and tends to injure and degrade the courts and the administration of justice. The proceeding was a disgraceful wrangle instead of a trial, and perhaps the defendants were the sufferers, but they are not entitled to complain. If the attorney for defendants had not been equally responsible for the manner in which the trial was carried on we should not hesitate to reverse the judgment.

There was an instruction asked by defendants at the close of the evidence directing a verdict in their favor. As to the liability alleged on the ground that the horses were at large contrary to an ordinance of the city of Chicago, the court instructed the jury that the plaintiff could not recover, but refused the general instruction. It is insisted that the evidence that the horses were loose upon the street made a *prima facie* case, but no cross-error was assigned upon the giving of the instruction which took that feature of the case from the jury. The court agreed with defendants' counsel that such evidence did not make a *prima facie* case, and the question whether it would or not is not involved here. The refusal to direct a verdict raises the question whether there was evidence fairly tending to establish a cause of action on the charge of negligence. No review of such a record as this for the purpose of determining such a question could be

entirely satisfactory to the reviewing court. So far as the accident is concerned, it was not disputed, and, aside from the measure of damages, the only controversy was whether the coachman negligently left the horses standing on the barn floor without tying or securing them, and on that subject there were but two witnesses,—the coachman, and Charles E. Smith, who was washing buggies in the barn. Out of this scanty material a record of over seven hundred pages was made, composed largely of material already alluded to, and alleged expert testimony on the subject of taking a collar off from a horse, and the usual, proper and customary method of taking a harness off. On the only material question affecting the liability of the defendants there is a direct dispute between the coachman and the witness Smith. The latter testified that the coachman left the horses standing, not tied, on the floor of the barn while he left the room with the harness and went into the adjoining wash-room to put it away. If the testimony of this witness was credited by the jury it would justify an inference of negligence in consequence of which the horses escaped from the building, and this testimony required a submission of the issue to the jury. It was not error to refuse to direct a verdict.

After the evidence for the defendants was closed, the plaintiff offered testimony that different halters were used upon the horses at the time of the accident from those testified to by the coachman, and also that he had left these horses standing on the barn floor, after they had been unharnessed, without halters on, at different times during two years prior to the accident, and that they had run out of the barn several times before this occasion. Objections were made to this testimony, which were overruled, and the rulings are assigned as error. The evidence that the halters used on the horses were not of the kind testified to by the coachman tended to contradict him in a material matter; and, as affecting his memory or truthfulness as to what occurred at the time,

was proper in rebuttal. It is contended that the other evidence was admissible, in rebuttal, to show general habits of carelessness on the part of the coachman, because there had been some evidence that he was considered a careful and competent man. The defendants had made inquiries of witnesses on the subject of his competency and habits of care, and plaintiff's objections in such cases were sustained and the evidence was not admitted. One of the defendants, however, stated in his testimony, without objection, that the coachman was a good driver, and he considered him a careful man and trusted his family with him. The court did not let defendants go into that subject when objection was made, and it would be manifestly unfair to exclude offered testimony of that kind, as was done, and then allow rebuttal evidence because one of the defendants made the statement in question without objection. If plaintiff was to be allowed to prove that the coachman was habitually careless, the defendants should have been allowed to introduce all their evidence tending to prove his competency and habits of care. Furthermore, this court has adopted the view that the admission of improper or immaterial evidence on behalf of one party without objection will not justify a resort by the other party to immaterial and irrelevant evidence to rebut it. The general rule is, that parties cannot create a right to try an immaterial issue or introduce irrelevant evidence by mere silence or consent, when they might have had the adverse evidence kept out or stricken out. It is in the power of a party, by objection, to prevent the introduction of evidence not relevant to the issue, or to have it excluded when introduced, or, by instruction, to direct the jury to disregard it, and the public interest demands that the time of the court shall not be wasted and the record filled with irrelevant or immaterial evidence. (*Wickenkamp* v. *Wickenkamp*, 77 Ill. 92; *Stringer* v. *Young*, 3 Pet. 320.) In the latter case Chief Justice Marshall declined to decide whether there might

be a case where irrelevant evidence introduced would be of such a character as to be ineffaceable from the minds of the jury by instructions or otherwise, so that a party is to be permitted to contradict it. But if there could be such a case this is not one. In this case the defendants were not charged with any negligence in employing an incompetent coachman, and the pleadings raised no issue upon his competency or habitual negligence. Evidence of his general habits in that respect was not relevant to any issue in the case. The ground of plaintiff's claim was that the coachman left these horses standing on the barn floor without halters on, and that such act was negligent. Evidence that he had previously left them standing in that way and that they escaped from the barn under such circumstances, we think would have been competent as a part of the evidence in chief for plaintiff, for the purpose of showing notice to the coachman of the probable result in case he left them standing in that way. If the horses had manifested a disposition to run out of the barn under such circumstances, and had actually done so on several occasions, the coachman might reasonably expect that the same result would ensue if they were so left on this occasion. Although the evidence was not proper in rebuttal, it was within the discretion of the court to admit it at the time it was admitted.

There was nothing wrong with the instructions, which were as favorable to the defendants as they could ask. All the propositions insisted upon that have the slightest merit were contained in instructions given to the jury, and as we find no error which would justify a reversal, the judgment must be affirmed.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*