## Dave Eckhardt v. The People of the State of Illinois, ex rel. Berta Holbert.

1. ALIBI—*when, not established.* Held, from the particular facts, that an alibi sought to be proven in a bastardy case was not entitled to much consideration.

2. BASTARDY—*what evidence competent in prosecution for.* It is competent for the relatrix in a prosecution for bastardy to show in rebuttal that the defendant was present at her home at the time made the basis of the prosecution.

3. REBUTTAL—*what evidence competent by way of.* The admission of evidence in rebuttal is within the sound discretion of the court.

4. INSTRUCTION—*propriety of, pertaining to interest of defendant.* It is proper for the court to instruct the jury that they have a right to consider the interest of the defendant in weighing his testimony as a witness.

5. INSTRUCTION—*must be predicated upon evidence.* An instruction is properly refused which is not predicated upon any evidence in the record.

Bastardy proceeding. Appeal from the County Court of Macon County; the Hon. ORPHEUS W. SMITH, Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed October 14, 1904.

MARSHALL C. GRIFFIN, for appellant.

W. E. REDMON, State's Attorney, and JOHN J. HOGAN, for appellee.

Mr. Presiding Justice Baume delivered the opinion of the court.

Appellant was convicted of bastardy, in the County Court of Macon county. It is urged in reversal of the judgment, that the court erred in admitting improper evidence offered by appellee; in refusing to admit proper evidence offered on behalf of appellant; in the giving and refusing of instructions, and that the verdict of the jury is against the weight of the evidence.

The relatrix testified that the appellant had intercourse with her on several Sundays during the months of January and February, 1903; that she became pregnant in the month of February and that her child was born November 5 following. The appellant denied that he was at the home of relatrix on the days indicated and denied that he had intercourse with her. Several witnesses on behalf of appellant testified that they saw him on the Sundays in question at places other than the home of the relatrix. It is to be observed, however, that these witnesses saw him but a short time on each occasion, and in view of the fact that the home of the relatrix was in close proximity, the alibi sought to be established by them was entitled to but little consideration.

It is objected that the court permitted witnesses on behalf of appellee to testify in rebuttal, as to the presence of appellant at the home of relatrix on the Sundays in question. Appellee could not be held to anticipate that appellant would controvert the mere fact of his presence at relatrix's home, and the court did not err in allowing the witness to be examined upon that question in rebuttal. The admission of evidence in rebuttal is within the sound discretion of the court. Maxwell v. Durkin, 185 Ill. 546. The evidence was also clearly competent in impeachment of appellant.

Other objections urged to the rulings of the court in the admission and exclusion of evidence have been considered by us and found to be based upon a garbled abstract of the record, evidently intended to mislead the court. The ob-

jections are without merit, and counsel responsible for the abstract and argument in support of the same open to censure.

The third instruction given by the court at the request of appellee authorized the jury to consider the interest of appellant in the result of the proceeding, in weighing his testimony as a witness. While we do not approve the precise phraseology employed in the instruction, the subject-matter was proper to be given to the jury in an instruction, (North Chicago St. R. R. Co. v. Dudgeon, 184 Ill. 477) and we are not disposed to hold, in view of the evidence in this case, that the form of expression employed was calculated to mislead the jury to the prejudice of appellant.

The first refused instruction offered on behalf of appellant was properly refused, because, as is conceded, it was inartificially drawn, and for the further reason that the record contains no evidence upon which to predicate it. Appellant's second refused instruction was fully covered by the first given instruction on his behalf.

While the evidence in the case is conflicting, we think a fair preponderance supports the verdict of the jury and that the judgment thereon should stand.

*Affirmed.*