### Horace J. Eggmann, Appellee, v. Charles B. Nutter et al., Appellants.

1. INSTRUCTIONS—*when upon burden of proof erroneous.* If the burden is upon the plaintiff upon the whole case to show such a state of facts as will authorize him to recover, it is error for the court to instruct the jury in substance that it is incumbent upon the defend-

ants to establish by a preponderance of the testimony the truth of the defense which they have pleaded.

2. ALTERATION OF INSTRUMENTS—*burden of proof to establish.* After proof by defendants tending to show alteration, the burden of proof on the whole case is then upon the plaintiff to show that no such alteration was made or that it was made with the consent of the defendants or that they ratified the same.

3. EVIDENCE—*when improper should be excluded.* It is error for the court to refuse to exclude improper and irrelevant evidence at any time on motion to exclude, before argument, although not objected to when offered.

4. EVIDENCE—*what not competent to impeach.* It is not competent to impeach a witness by showing that the reputation of such witness "for honesty and prompt payment of debts in the community in which he lived" was bad.

Assumpsit. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed April 9, 1910.

D. E. KEEFE and N. C. LYRLA, for appellants.

EGGMANN & EGGMANN and KRAMER, KRAMER & CAMPBELL, for appellees.

MR. JUSTICE DUNCAN delivered the opinion of the court.

This is an action of assumpsit brought in the City Court of East St. Louis by Horace J. Eggmann against Charles B. Nutter, C. L. Nutter and John W. Sanders, appellants, on a promissory note for $250, dated September 11, 1905, due September 1, 1906, payable to order of John E. Miller and Horace J. Eggmann with 7 per cent interest per annum, signed by appellants, and endorsed by John E. Miller to appellee. The declaration contained a special count on said note and also the common counts.

The appellants denied the execution of this note, filing the plea of *non est factum* sworn to by all of them, and issue was joined thereon. After a jury trial the court overruled appellants' motion for a new

trial and entered judgment in favor of appellee and against appellants in the sum of $308.33.

The contention of the appellants in the court below was that this note was signed by all of them; but that at the time they signed and delivered it that there was only one payee named in the note, to wit, John E. Miller, and that the name of Horace J. Eggmann was not at those times mentioned or described in said note as a payee. They also contend that they have never at any time consented to the name of Eggmann being added as payee, have never ratified the same, and that said note was materially altered by the adding of the name of said payee, and that therefore there could be no action maintained against them thereon. The evidence of the two Nutters was to the effect that said alteration was made without their consent or knowledge. They also introduced a receipt signed by Horace Eggmann, dated Sept. 12, 1905, in this language: "Received of C. B. Nutter note for the sum of two hundred fifty dollars, dated Sept. 11, 1905, payable to John E. Miller, and payable Sept. 11, 1906; said note being signed by Charles B. Nutter, C. L. Nutter and John W. Sanders. Said note being given as a guarantee for the payment of one-half of lease rent of Miller farm, due Sept. 1, 1906." John W. Sanders, appellant, did not testify. The payees in this note both testified positively that the note when appellants signed and delivered it to them, was in the identical same condition that it was in when sued on and read in evidence, and that there is not, and there never was, any alteration to said note. Eggmann admitted writing the receipt above named; but stated that the omission of his own name as a payee was a mere oversight, and that the receipt was intended to describe the note in question. The other evidence for plaintiff was of the bankers who had the note for collection, concerning notices given, and had little bearing on the main question of alteration. There was also some evidence of impeachment offered by plaintiff which will be considered later.

Appellants insist here on this appeal (1) that the court gave erroneous instructions; (2) that the court admitted improper evidence.

First. In the giving of plaintiff's third and fifth instructions the court erred, as they are not accurate statements of the law. The fifth instruction told the jury in substance that it was incumbent on the defendants to establish by a preponderance of the testimony the truth of the defense which they have pleaded before they could recover, and the same meaning is to be found in the third. "Upon the whole case the burden of proof is on the plaintiff to show such a state of facts as would authorize him to recover." Conkling v. Olmstead, 63 Ill. App. 649; Merritt v. Dewey, 218 Ill. 605.

When the plaintiff proved the signature of the appellants to the note in suit, the note was properly admitted in evidence, there being no alteration apparent on the face of the note. The burden was then cast on the defendants, to introduce evidence proving or tending to prove that the note was altered since its delivery, as the plaintiff had made a *prima facie* case. But after proof by appellants tending to show alteration, the burden of proof on the whole case was then on plaintiff to show that no such alteration had been made, or that it was made with appellants' consent, or that they had ratified it. See same case above cited.

Second. The plaintiff introduced evidence in this case that the reputation of C. B. Nutter "for honesty and prompt payment of debts in the community in which he lived was bad." It is true that when this evidence was introduced the only objections made to it by the appellants' counsel were that the witnesses were not sufficiently acquainted with his character, or that he was not shown to live in the community inquired about; and other such objections as were untenable. But after it was suggested by the court that this character of evidence might not be proper, appellants' counsel then moved to have this evidence excluded and

stricken from the record, but the court denied the motion because no sufficient objection was made to it when it was offered and given.   By the law of some states the court's action could be sustained in this regard. Burr W. Jones on Ev., 3 Vol., Sec. 896.   But even under those authorities the trial court may of his own motion and without objection exclude the evidence if improper.   Our courts are thoroughly committed to the doctrine that it is error in the court to refuse to exclude improper and irrelevant evidence at any time on motion to exclude, before argument, although not objected to when offered.   Greenup v. Stoker, 2 Gilman, 688; Pittman v. Gaty, 5 Gilman, 186; Wickenkamp v. Wickenkamp, 77 Ill. 92; Chicago P. & St. L. Ry. Co. v. Blume, 137 Ill. 448; Maxwell v. Durkin, 185 Ill. 550; Sailors v. Nixon-Jones Printing Co., 20 Ill. App. 509.

There can be no question as to the point that the evidence was improper, and most damaging to the defense.   There can hardly be introduced a more damaging character of evidence before a jury where the issue involved is a question on the validity of a promissory note.   The evidence was very conflicting, and it is mandatory in the eyes of the law, that the instructions be accurate and that all improper evidence be excluded. As the case must be tried again, we refrain from a further discussion of the case on its merits.

For the errors indicated the judgment of the lower court is reversed and the cause remanded for further proceedings.

*Reversed and remanded.*