(No. 4372— 

HERBERT CUTSHALL, EMMA CUTSHALL, LEROY HARLEY AND RUTH HARLEY, Claimants vs. STATE OF ILLINOIS, Respondent.

*Opinion filed January 8, 1952.*

PEFFERLE, SHEEHAN AND PEFFERLE, Attorneys for Claimants.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

Delaney, J.

The claimants, Herbert Cutshall and Emma Cutshall, own the following described real estate, to-wit:

The East one-half (E.½) of the Northwest one-quarter (N.W.¼) of Section twenty-one (21), Township Nine (9) North, Range five (5) West of the third Principal Meridian, lying West of the right-of-way of U. S. Highway Route No. 66 and Federal Aid Route No. 5, situated in Montgomery County, Illinois, containing seventy (70) acres more or less; subject, however, to Articles of Agreement for a Warranty Deed.

On October 21, 1947, the Department of Public Works and Buildings of the State of Illinois filed a petition, making claimants herein parties defendant thereto, seeking to condemn a certain portion of the real estate described herein for the purposes of a right-of-way, and also seeking to condemn an easement for the construction and maintenance of a storm sewer over and across the real estate herein to drain a proposed subway to be constructed under the Illinois Central Railway.

A final decree of the local Circuit Court was entered on July 14, 1948 granting the prayer of the petitioner, and directing petitioners to pay the sum of $2,742.00 to defendants. The payments were made as directed by the Court, and the subway, storm sewer and highway have been constructed on the respective lands.

The claimants have filed their complaint herein seeking to recover for damages to lands not taken, which are alleged to have resulted from the construction of the subway and storm sewer. Claimants allege that the supply of water in a dug well, located near the condemned property, about 21 feet deep, used to water livestock, and to furnish water for household purposes, was greatly diminished after completion of the storm

sewer. It is further alleged in claimants' complaint that the State of Illinois drilled the well 120 feet in depth, and water was obtained, but that this water was contaminated, and could not be used for livestock purposes.

The record consists of the complaint, transcript of evidence, motion of claimants for an extension of time to file abstract and brief, order of Chief Justice granting the motion, motion of claimants for a further extension of time to file abstract and brief, abstract of evidence, statement, brief and argument of claimants, statement, brief and argument of respondent, and respondent's exhibit "A".

A decree in condemnation includes damages both to lands taken and lands not taken, and includes all damages past, present and future.

C.R.I. & P. Ry. Co. vs. Smith, 111 Ill. 363.
C.P. & St. L. Ry. Co. vs. Nix, 137 Ill. 141.
C.P. & St. L. Ry. Co. vs. Blume, 137 Ill. 448.
St. L. & B. Ry. Co. vs. VanHoorebeke, 191 Ill. 633.
A.T. & S.F. Ry. Co. vs. Jones, 110 Ill. App. 626.
Lampp vs. State, 6 C.C.R. 349.
Baker vs. State, 9 C.C.R. 115.
Siekmann vs. State, 10 C.C.R. 286.
Longden vs. State, 12 C.C.R. 129.
Sauerhage vs. State, 16 C.C.R. 217.

From the record in this case the general proposition of law applies.

The Attorney General has asked leave to withdraw respondent's exhibit "A", being a certified copy of final order and decree of the Circuit Court of Momtgomery County, Illinois. Respondent is hereby granted leave to withdraw said exhibit.

This claim is, therefore, denied, and the complaint dismissed.